IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>[1] CHRISTOBAL A. LOPATEGUI-PAOLI,<br><br>**Defendant**. | CRIM. NO. 22-515-1 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Defendant Christobal Alejandro Lopategui-Paoli's *Motion to Suppress Evidence and Motion to Dismiss*, his *Motion to Supplement*, and Magistrate Judge Héctor Ramos-Vega's *Report and Recommendation* ("*R&R*"). (Docket Nos. 54, 83, and 100, respectively). The Magistrate Judge recommends that Defendant's motions should be denied. (Docket No. 100 at 1). Having reviewed the record *de novo*, Defendant's *Objection to Report and Recommendation and Motion For De Novo Hearing* ("*Objections*") at Docket No. 102, and the United States of America's (the "Government") response thereto at Docket No. 104, the Court **ADOPTS** the *R&R* and **DENIES** Defendant's motions.

I. BACKGROUND

This case arises out of a November 18, 2022, traffic stop that took place slightly before 9:20 a.m. In essence, Defendant

was driving a black Dodge Charger at approximately 75 miles per hour in a 55 mile per hour zone and illegally changed lanes. He was stopped by Puerto Rico Police Department ("PRPD") San Juan Transit Division Agents Melody Mejia-Bodden ("Agent Mejia") and Luis Rivera-Rivera ("Agent Rivera-Rivera"). During the stop, Agent Mejia noticed a police cap in the back of the Charger and a small black purse on the passenger seat. She sought to locate the owner by calling in the badge number of the cap by radio. She was concerned about the potential use of the cap for committing robberies and carjackings, especially since the Charger resembled a police car.

   According to Agent Mejia, she informed Mr. Lopategui-Paoli of the reasons for the stop and requested his driver's license and the Charger's registration. Mr. Lopategui did not have a driver's license on him. An electronic ticketing machine reported his license was expired and the Charger was a rental owned by AVIS. The agent asked whether he had a permit for the Charger's dark tinted windows. He did not. She measured the window tint, which was at a level prohibited under Puerto Rican law. According to Agent Mejia's testimony, which Defendant disputes, she perceived a strong odor of marijuana when Mr. Lopategui-Paoli lowered the Charger's driver's window. Because of the marijuana, she advised Defendant of search warrant procedures and requested his voluntary consent to a search. He declined and called his attorney; Agent

Mejia spoke to the attorney briefly. A K-9 was called. Other agents arrived, and she proceeded to enter a slew of traffic tickets with a machine starting at 9:20 a.m. When the K-9 arrived, Agent Mejia told Mr. Lopategui-Paoli to get out of the vehicle so he could observe the procedure with the K-9. Defendant exited, went around and opened the passenger door to look for something inside the car, and at that point Agent Mejia noticed three bullet casings on the floor of the Charger. Mr. Lopategui-Paoli was arrested, and two cellphones were seized from his person. The K-9 marked the front passenger side of the car, indicating the presence of narcotics.

A search warrant was obtained and executed. The search of the car produced three firearms, including one Glock pistol converted into a machine gun; a cornucopia of controlled substances including marijuana, cocaine, and methamphetamine; and drug paraphernalia. It also resulted in the pending five-count indictment that was returned and filed on December 1, 2022. *See* (Docket No. 11).

On September 25, 2023, Defendant filed his *Motion to Suppress and Motion to Dismiss*. (Docket No. 54). He contended that the initially valid traffic stop was unlawfully extended because the agents lacked reasonable suspicion of criminal activity. He further claimed that the government spoliated evidence because portions of body cam footage are missing.

The Government filed its *Opposition to the Motion to Suppress and Dismiss* on November 23, 2024. (Docket No. 86). The Government posited that Defendant had not established a protected interest in the car or its contents. It further contended that Agent Mejia had reasonable suspicion to extend the stop for, among other reasons, the smell of marijuana emanating from the car. With respect to the spoliation claim, the Government argued that it should be deemed waived for lack of developed argumentation, as Mr. Lopategui-Paoli did not establish that the apparently exculpatory evidence was destroyed.

The Magistrate Judge held hearings in this matter on February 8 and March 14, 2024. (Docket Nos. 84 and 91). The afternoon before the first hearing date, Defendant filed his *Motion to Supplement Motion Suppress Evidence Filed in Docket No. 54*. (Docket No. 83). In this motion, Mr. Lopategui-Paoli requested a *Franks* hearing to challenge the affidavit submitted by Agent Mejia in support of the search warrant executed on November 18, 2022.[1]

The February 8, 2024 hearing focused on the threshold issue of standing. Mr. Lopategui-Paoli did not present any evidence that he had a reasonable privacy interest in the Dodge Charger, such as an authorization to drive the rental car under the rental

---

[1] Due to timing issues, this *Franks* motion was referred to the Magistrate Judge shortly after the February 8, 2024 hearing. (Docket No. 84).

agreement. However, the Magistrate Judge found Defendant did have standing to challenge the legality of the traffic stop.

On March 12, 2024, the Government filed the *United States' Response to Franks Motion*. (Docket No. 90). The Government posited that Defendant failed to establish a reasonable expectation of privacy in the Charger or the items seized from it, and thus failed to establish standing to challenge the search. Moreover, the Government asserted that Mr. Lopategui-Paoli's *Franks* motion would nonetheless fail on the merits.

The March 14, 2024 hearing focused on whether the traffic stop was impermissibly prolonged. Before hearing the evidence, the Magistrate Judge indicated that he was of the view that Mr. Lopategui-Paoli had not established standing. Thus, the Magistrate Judge stated the hearing was not a *Franks* hearing but would instead focus on the traffic stop. Defendant did not object to this determination.

Following the Magistrate Judge's pronouncement, the Government presented the testimony of Agent Mejia and of Homeland Security Investigations Task Force Officer Alexander Tirado-Diaz ("TFO Tirado"). Agent Mejia testified about the stop. TFO Tirado testified about the forensic analysis of the cellphones seized from Mr. Lopategui-Paoli and time and certain location data extracted from the phones. Defendant, in turn, presented the testimony of Agent Rivera-Rivera, who also testified about the

stop and stated that he did not perceive the smell of marijuana. Mr. Lopategui-Paoli also called attorney Abraham Freire-Medina and TFO Tirado as witnesses.

On May 14, 2024, after receiving additional briefing, Magistrate Judge Ramos-Vega issued a 26-page *R&R*. (Docket No. 100). After a detailed account of the procedural background and evidence, the Magistrate Judge found Mr. Lopategui-Paoli had not established standing because he had not established a reasonable expectation of privacy in the car, or in the items seized. Id. at 13-16. The Magistrate Judge also found no *Franks* hearing was warranted due to the lack of standing. Id. at 16-17. Moreover, he concluded the traffic stop had not been unreasonably prolonged, as the duration of the stop was approximately 22 minutes, and Agent Mejia had reasonable suspicion to continue her investigation given the police hat and the smell of marijuana. Id. at 17-24. Lastly, the Magistrate Judge found Mr. Lopategui-Paoli waived his spoliation claim for lack of developed argumentation and, in any event, it should be denied on the merits as well. Id. at 24-25.

On May 28, 2024, Defendant timely objected to the *R&R* and raises two issues. (Docket No. 102). First, Mr. Lopategui-Paoli contests the Magistrate Judge's finding that Agent Mejia was credible when she testified that she smelled an odor of marijuana coming from the Charger. Id. at 2-3. To that end, Defendant avers he was prevented from presenting the evidence he on whether

marijuana odor could have been detected in the circumstances of this case. Id. at 2. Specifically, he points to the testimony of Agent Rivera-Rivera and Attorney Freire-Medina as sowing doubt on the issue of Agent Mejia's credibility. Id. Defendant further posits that controverting the testimony as to the odor of marijuana was essential to defeating Officer Mejia's alleged reasonable suspicion. Second, Mr. Lopategui-Paoli complains that Magistrate Judge Ramos-Vega impermissibly curtailed the scope of the March 14, 2024 evidentiary hearing by limiting it to the legality of the traffic stop. Id. at 3-4. According to Defendant, if the scope of the hearing had not been limited, he would have presented videos to contradict Agent Mejia's testimony. Id. at 4. As relief, Defendant requests a *de novo* hearing so that the Court may reassess the credibility of the witnesses presented.

On May 31, 2024, the Government filed the *United States' Reply to Defendant's Objections to the Report and Recommendation*. (Docket No. 104). With respect to Defendant's request for a further hearing, the Government posits that he is not entitled to a *de novo* hearing because the law requires *de novo* review but not a *de novo* hearing, the record is thoroughly developed, and there is no reason to hold a further hearing. Id. at 1-2. Turning to the Magistrate Judge's finding that Agent Mejia's testimony on the marijuana odor was credible, the Government argues that Mr. Lopategui-Paoli did not dispute the reasons why the Magistrate

Judge found her testimony credible, that it was Agent Rivera-Rivera who testified that the amount of marijuana in the car could emit a strong odor, and in any event, Agent Rivera-Rivera is not entitled to any special credibility due to his status as a law enforcement officer. Id. at 2-3.

## II.  LEGAL STANDARD

The Court may refer certain motions, including motions to suppress evidence, to a Magistrate Judge for a *R&R*. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(1); *see also* L. CV. R. 72(a). A party may file written objections to the report within fourteen days of service. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2).

A district court "shall make a *de novo* determination of those portions of the [*R&R*] to which objection is made," and "may accept, reject, or modify" the *R&R*. 28 U.S.C. § 636(b)(1)(C) (italics added); *see also* L. CV. R. 72(d). The district judge's review need only evaluate the disputed portions of the *R&R*. United States v. J.C.D., 861 F.3d 1, 6 (1st Cir. 2017) (citing Gioiosa v. United States, 684 F.2d 176, 179 (1st Cir. 1982)). Moreover, parties that advance new theories for the first time in objections to an *R&R* waive those arguments. United States v. Mendoza-Maisonet, 962 F.3d 1, 16-17 (1st Cir. 2020) (citing United States v. Rosado-Cancel, 917 F.3d 66, 69 (1st Cir. 2019)).

## III. DISCUSSION

A. <u>Defendant neither properly objected nor made an offer of proof before the Magistrate Judge</u>

As noted earlier, Defendant contends that the Magistrate Judge impermissibly limited the scope of the March 14, 2024 hearing. (Docket No. 102 at 3-4). However, Defendant did not contemporaneously object to the scope of the hearing when the Magistrate Judge stated Mr. Lopategui-Paoli had not established standing to challenge the search warrant, despite multiple opportunities to do so, and that the hearing was limited to the validity of the traffic stop. (Docket No. 97 at 4-6).

Additionally, Defendant did not make an offer of proof before the Magistrate Judge as to the evidence he would have purportedly presented had the hearing been converted to a *Franks* hearing. <u>Id.</u> at 4-6. Accordingly, Defendant waived this argument. *See* <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").

Given that the search warrant arose out of the November 18, 2022 traffic stop, the purportedly limited scope of the hearing did not restrict Defendant's ability to use the affidavit or the videos to challenge Agent Mejia's credibility. Any significant discrepancy between the officer's testimony during the hearing and

her affidavit in support of the application for a search warrant was potential fodder for impeachment by prior inconsistent statement regardless of the scope of the hearing. *See* Fed. R. Evid. 613. Rule 613 "applies when two statements, one made at trial and one made previously, are irreconcilably at odds." U.S. v. Richardson, 515 F.3d 74, 84 (1st Cir. 2008) (quoting United States v. Winchenbach, 197 F.3d 548, 558 (1st Cir. 1999)). However, "[s]tatements . . . need not be directly contradictory in order to be deemed inconsistent." Richardson, 515 F.3d at 84 (quoting Udemba v. Nicoli, 237 F.3d 8, 18 (1st Cir. 2001)); *see also* United States v. Winter, 663 F.2d 1120, 1154 (1st Cir. 1981) (admitting statement despite finding it "ambiguous at best"); United States v. Barrett, 539 F.2d 244, 254 (1st Cir.1976) (noting contradiction need not be "in plain terms" and requiring "some indication" that statement differed from trial testimony).[2] Moreover, any details in Agent Mejia's trial testimony that were absent from the affidavit and would have been natural to include would have been grounds for impeachment by omission. *See* United States v. Meserve, 271 F.3d 314, 320-21 (1st Cir. 2001). Likewise, if the body-worn camera videos contradicted Agent Mejia's account of the traffic

---

[2] Instead, Mr. Lopategui-Paoli unsuccessfully sought to submit Agent Mejía's affidavit in support of the application for a search warrant as an exhibit because "it corroborates" Agent Mejía's testimony. *See* (Docket No. 97 at 75).

stop, then it behooved Defendant to present them at the evidentiary hearing.[3]

Here, Mr. Lopategui-Paoli did not assert that he objected to the scope of the March 14, 2024 evidentiary hearing. Nor did he attempt to admit much of the evidence he now seeks to introduce before the Court. A litigant cannot be permitted to advance one theory before a magistrate judge, then change his theory of the case in his objections for a second bite at the apple. *See, e.g.*, Mendoza-Maisonet, 962 F.3d at 16 (finding defendant's arguments waived).

B. A *de novo* hearing is unwarranted

According to the Supreme Court of the United States, 28 U.S.C. 646(b)(1) requires a *de novo* determination but not a *de novo* hearing:

> It should be clear that on these dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing. **We find nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required "determination."**

---

[3] However, the decision not to pursue impeachment through either the affidavit or the video may have been a reasonable strategic choice on the part of defense counsel. *See, e.g.*, Thompson v. United States, 64 F.4th 412 (1st Cir. 2023) (concluding that defense counsel "could reasonably have concluded" that the defendant's "interests were best served by keeping the court's attention on . . . potentially stronger arguments").

U.S. v. Raddatz, 447 U.S.667, 673-74 (1980) (emphasis added). Where a district judge has doubts about the magistrate judge's credibility findings, the district judge should hear testimony from the witness or witnesses whose credibility is in question to forestall "serious questions". Id. at 681 n.7. There are no such doubts in the instant case. The Court reviewed the transcript of the March 14, 2024 hearing and adopts the Magistrate Judge's credibility determinations.

Having the opportunity to observe Agent Mejia's demeanor during her testimony, the Magistrate Judge found that she "testified confidently, consistently, and thus credibly." (Docket No. 100 at 20-26). The Magistrate Judge also considered other evidentiary factors that corroborated Agent Mejia's testimony, such as the discovery of a large quantity of marijuana in the vehicle. Id. at 22. He also considered purportedly contradictory testimony. While Defendant places great stock in Agent Rivera-Rivera's testimony, the latter admitted on cross-examination that his recollection of the case is "not good." (Docket No. 97 at 164). Though Agent Rivera-Rivera did not remember smelling marijuana, he also conceded that the amount of marijuana seized from the car could emit a strong odor. Id. at 166 and 175. In circumstances such as these, "'the ball game is virtually over' once a [magistrate judge] determines that a key witness is credible."

United States v. Guzman-Batista, 783 F.3d 930, 937 (1st Cir. 2015) (quoting Rivera-Gómez v. de Castro, 900 F.2d 1, 4 (1st Cir. 1990)).

## IV.   CONCLUSION

"Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." Chen v. I.N.S., 87 F.3d 5, 7 (1st Cir. 1996) (citation and quotation omitted); *see also* Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996); Ayala v. Unión de Tronquistas de Puerto Rico, Local 901, 74 F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993).

Having reviewed the record *de novo* and finding no plain error, the Court **ADOPTS** the Magistrate Judge's *Report and Recommendation* at Docket No. 100 *in toto*. Defendant Christobal Alejandro Lopategui-Paoli's *Motion to Suppress Evidence and Motion to Dismiss* (Docket No. 54), *Motion to Supplement Motion to Suppress Evidence* (Docket No. 83), and *Objection to Report and Recommendation and Request For De Novo Hearing* (Docket No. 102) are **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of July 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE