U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date:
2025.01.22
12:23:01
-04'00'

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 22-515 (RAM) |
| v. | |
| CHRISTOBAL ALEJANDRO LOPATEGUI-PAOLI, | |
| Defendant. | |

## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Christobal Alejandro Lopategui-Paoli, and Defendant's counsel, Iván Santos-Castaldo, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

*CAL*

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts Two, Four, and Five of the Indictment:

Count Two:

On or about November 18, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant did knowingly and unlawfully possess: one Smith and Wesson .38-caliber revolver serial number 4D67469; one Glock model 17, 9mm, serial number NGU886, and one Beretta model 9000S .40-caliber pistol serial number SN015983, in furtherance of a drug trafficking crime for which he may be

U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances as charged in Counts Four and Five of the Indictment.    All in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Count Four:

On or around November 18, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine, a Schedule II narcotic controlled substance.    All in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Count Five:



On or around November 18, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant did knowingly and intentionally possess with intent to distribute 5 grams or more of a mixture and substance containing methamphetamine, a Schedule II narcotic controlled substance.    All in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

## 2. Maximum Penalties

Count Two: The maximum statutory penalty for the offense charged in Count One of the Indictment is minimum statutory penalty of 5 years' imprisonment and a maximum statutory penalty of life in prison pursuant to 18 U.S.C. § 924(c)(1)(A)(i); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

<u>Counts Four and Five</u>: The maximum statutory penalty for the offenses charged in Counts Four and Five of the Indictment is a term of imprisonment which may not be less than 5 years or more than 40 years, a fine not to exceed $5,000,000, and a term of supervised release of at least 4 years, pursuant to 21 U.S.C. § 841(b)(1)(B).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.



CAL

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

**6. Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

**7. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



CAL

| COUNT TWO 18 U.S.C. § 924(c) | |
|---|---|
| Guideline Sentence is mandatory minimum pursuant to U.S.S.G. § 2K2.4(b) | **60 months** |
| **COUNT FOUR 21 U.S.C. § 841(a)(1)** | |
| § 2D1.1(c)(8) – more than 500g but less than 2 kg of cocaine | 24 |
| **Offense Level** | **24** |
| **Mandatory Minimum** | **60 months** |
| **COUNT FIVE 21 U.S.C. § 841(a)(1)** | |
| § 2D1.1(c)(6) – at least 350 g but less than 500 g of methamphetamine | 28 |
| **Offense Level** | **28** |
| **Mandatory Minimum** | **60 months** |

U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

| COUNTS FOUR and FIVE Converted Drug Weight 21 U.S.C. § 841(a)(1) | |
| --- | --- |
| Count Four Cocaine Converted Drug Weight 100 kg | |
| Count Five Methamphetamine Converted Drug Weight 800 kg | |
| **Combined Converted Drug Weight at least 700 kg but less than 1,000 kg pursuant to § 2D1.1(c)(6)** | **28** |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **25** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| --- | --- | --- | --- | --- | --- |
| 57–71 | 63–78 | 70–87 | 84–105 | 100–125 | 110–137 |

## 8. Sentence Recommendation



As to Counts Two, Four, and Five, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a) –including the variety of substances; the number of firearms, magazines, and rounds of ammunition; the result of the firearms' examinations; and the dismissal of Count One which carried a mandatory minimum penalty of 30 years–, the parties agree that the United States may request a sentence of up to 100 months of imprisonment for Count Two, and a sentence of up to 80 months of imprisonment Counts Four and Five, to run concurrent to each other but consecutively to Count Two, for a total sentence of up to 180 months of imprisonment.

The parties agree that Defendant may not request less than 60 months of imprisonment for Count Two and not less than 60 months of imprisonment for Counts Four and Five, to run consecutively to Count Two, for a total sentence of not less than 120 months of imprisonment, which is the mandatory minimum sentence.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 180 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12. Satisfaction with Counsel**

Defendant is satisfied with counsel, Iván Santos-Castaldo, Esq., and asserts that counsel has rendered effective legal assistance.

**13. Rights Surrendered by Defendant Through Guilty Plea**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



    a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

    b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

    d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

  e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14. Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**15. Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**16. Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

**17. Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.


CAL

## 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

## 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

21. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

22. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

23. **Forfeiture Provision**

Defendant agrees to waive and forgo any interests or claims over any firearm and ammunition involved in the commission of the offense charged in Count Two of the Indictment, including, but not limited to:

a) one Smith and Wesson .38-caliber revolver serial number 4D67469;

b) one Glock model 17, 9mm, serial number NGU886;

c) one Beretta model 9000S .40-caliber pistol serial number SN015983;

d) approximately 22 cartridges of .38-caliber ammunition;

e) approximately 72 cartridges of 9mm ammunition;

U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

    f)  approximately 10 cartridges of .40-caliber ammunition;

    g)  approximately 40 cartridges of .223-caliber ammunition;

    h)  approximately three cartridges of 7.62x39mm ammunition;

    i)  approximately five 9mm magazines; and

    j)  approximately one .40-caliber magazine.

Defendant also agrees to waive and forgo any interests or claims over any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense charged in Counts Four and Five of the Indictment, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, those offenses pursuant to 21 U.S.C. § 853.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

[Continued on Next Page]

U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney

Jeanette M. Collazo-Ortiz
Assistant U.S. Attorney
Deputy Chief, Violent Crimes
Dated:  1/15/2025

Iván Santos-Castaldo, Esq.
Counsel for Defendant
Dated: 1-22-25

Daniel J. Olinghouse
Assistant U.S. Attorney
Dated: 1/22/25

Christobal Alejandro Lopategui-Paoli
Defendant
Dated:  01/22/25

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 01/22/25 _____        _____

Christobal Alejandro Lopategui-Paoli
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 1-22-25 _____        _____

Iván Santos-Castaldo
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Christobal Alejandro Lopategui-Paoli admits that Defendant is guilty as charged in Counts Two, Four, and Five of the Indictment, and admits the following:

On or about November 18, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant

1.      did knowingly and unlawfully possess: one Smith and Wesson .38-caliber revolver serial number 4D67469; one Glock model 17, 9mm, serial number NGU886, and one Beretta model 9000S .40-caliber pistol serial number SN015983, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances as charged in Counts Four and Five of the Indictment in violation of 18 U.S.C. § 924(c)(1)(A)(i);

2.      did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing cocaine, a Schedule II narcotic controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and

3.      did knowingly and intentionally possess with intent to distribute 5 grams or more of a mixture and substance containing methamphetamine, a Schedule II narcotic controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Specifically, on November 18, 2022, Puerto Rico Police stopped Defendant for several traffic violations.

U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

While the police issued traffic tickets, Defendant was ordered to step out of the car. During that process, police observed three nine-millimeter shell casings on the front passenger side floor of the car.

The car was detained, sealed, and eventually searched pursuant to a valid warrant. The search recovered three handguns, dozens of rounds of ammunition of various calibers, marijuana, cocaine, methamphetamine, and about 1,000 pills of various kinds packaged for street-level distribution.

The search recovered the following firearms and ammunition:

- one Smith and Wesson .38 caliber revolver serial number 4D67469 loaded with approximately 6 rounds of .38 caliber ammunition;

- approximately 16 additional rounds of .38 caliber ammunition;




- one Glock model 17, 9mm, serial number NGU886, modified to function in a fully automatic manner with an extended magazine loaded with approximately 25 rounds of 9mm ammunition to include one in the chamber;

- approximately 47 additional rounds of 9mm ammunition;



- one Beretta 9000S pistol .40 caliber, serial number SN015983 loaded with approximately ten rounds of .40 ammunition to include one in the chamber; and

- two boxes of .223 caliber ammunition for a total of approximately 40, approximately three rounds of 7.62x39 caliber ammunitions, approximately four magazines cal. 9mm, and approximately one magazine cal. .40.

The search recovered the following drugs:

- Marijuana
    - 12 baggies (324.44g)
- Cocaine
    - 121 blue baggies (about 1g each)
    - 75 clear baggies (57g total)
    - white chunk (12g total)
    - half brick (401.79g total)
- Methamphetamine
    - 773 pills (327.97g)
    - 7g methamphetamine of 99.6% purity
    - 48 baggies containing a mixture of MDMA and methamphetamine
- MDMA
- Approximately 300 pills of Alprazolam
- Approximately 70 pills of Oxycodone
- 10 baggies Ketamine
- Pink mixture 44g containing methamphetamine, MDMA, and Ketamine




Agents also recovered various items of paraphernalia, including plastic wrap, scales, a vacuum sealer, small plastic baggies, and lidocaine powder.

For the purposes of the plea agreement, the parties stipulate that Defendant is responsible for a converted drug weight of at least 700 kg, but less than 1,000 kg. Defendant further stipulates that he possessed the firearms described in Count Two

U.S. v. Christobal Alejandro Lopategui-Paoli, 22-cr-515 (RAM)

of the Indictment in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances as charged in Counts Four and Five of the Indictment.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Christobal Alejandro Lopategui-Paoli is guilty as charged in Counts Two, Four, and Five of the Indictment.

Discovery was timely made available to Defendant for review.


Daniel J. Olinghouse
Assistant U.S. Attorney
Dated: __1/22/25__


Iván Santos-Castaldo, Esq.
Counsel for Defendant
Dated: __1-22-25__


Christobal Alejandro Lopategui-
Paoli
Defendant
Dated: __01/22/25__